Joseph W. Sheehan, Esq. City Attorney, Mechanicville
Based upon your letter and telephone conversation with this office, you ask who is responsible for reimbursing a city marshall for expenses incurred in executing a warrant of eviction in a summary proceeding to recover possession of real property, and whether the marshall may request advance payment from the landlord-petitioner of any or all expenses required to execute the warrant. You also inquire whether the marshall's only duty in executing the warrant is to supervise the removal of the tenant and the tenant's property by the landlord or landlord's agent so as to assure a peaceable removal.
Civil Practice Law and Rules, § 8011(c)(2) establishes a fixed fee for a sheriff in executing a warrant of eviction and provides that such fee is "payable in advance". In addition to his statutory fee, the sheriff is entitled to reimbursement of all expenses necessarily incurred in the execution of a warrant of eviction (Civil Practice Law and Rules, § 8013[c]) and, whenever he deems it necessary, may require advance payment of such expenses (id., § 8013[d]). These provisions of the CPLR are applicable to city marshalls, in enforcing mandates of the city court (Uniform City Court Act ["UCCA"], §§ 701[b], 1911[b]). Section1911(b) of the UCCA provides:
 "There shall be paid to the enforcement officer by the party requiring his services, the same fees to which a sheriff would be entitled for like services in supreme court." (Emphasis supplied.)
From this we conclude that the party requiring the services of the marshall, in this instance the landlord-petitioner, is responsible for advance payment of the fixed fee and for reimbursement of all expenses incurred by the marshall in executing the warrant and, in the discretion of the marshall, may be required to pay any or all of such expenses in advance (see, also, 1977 Op Atty Gen [Inf] 105; New York Civil Practice, Weinstein-Korn-Miller, Vol 8, § 8013.08, p 80-145 [1982]).*
In response to your final inquiry, section 749(1) of Article 7 of the Real Property Actions and Proceedings Law provides that upon rendering a final judgment for the petitioner, the court "shall issue a warrant directed to the * * * marshall * * * commanding the officer to remove all persons, and * * * to put the petitioner into full possession". It is inaccurate to state that the marshall's only duty under this provision is to "supervise" the removal of the tenant and his property by the landlord so as to assure peaceable removal, since there may be instances where removal cannot be effectuated in a peaceable manner thus requiring the marshall to remove the tenant and his property.
We conclude that the landlord-petitioner in a summary proceeding to recover possession of real property is responsible for reimbursing the city marshall for expenses incurred in executing a warrant of eviction and, in the discretion of the marshall, may be required to pay any or all expenses in advance. The marshall's duty to execute a warrant of eviction is not limited to supervising the landlord's removal of the tenant and his property.
* In your letter you specifically inquire whether the city bears any responsibility for payment of the marshall's expenses where he has failed to secure an advance from the landlord. Based upon the conclusion we have reached, the answer to that, clearly, is "no". Payment by the city of a private litigant's expenses violates the constitutional prohibition against a municipality's giving or lending of its money to or in aid of any individual (NY Const, Art VIII, § 1).